IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RAKYA BERRIDGE**                                                          **PLAINTIFF**

vs.                                      No. 5:20-cv-1025

**PEDIATRIC HOME HEALTHCARE, LLC,**                          **DEFENDANTS**
**and THOMAS C. WHEAT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Rakya Berridge ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendants Pediatric Home Healthcare, LLC, and Thomas C. Wheat (collectively "Defendant" or "Defendants"), she states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1.      This is an action brought by Plaintiff against Defendants for violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the last paycheck provision of the Texas Labor Code, § 61.014.

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper wages under the FLSA and the Texas Labor Code.

### II.     JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges Texas Labor Code violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's Texas Labor Code claims pursuant to 28 U.S.C. § 1367(a).

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

### III.  THE PARTIES

6. Plaintiff is an individual and resident of Bexar County.

7. Separate Defendant Pediatric Home Healthcare, LLC ("PHH"), is a domestic limited liability company.

8. PHH's registered agent for service is Thomas C. Wheat, at 7800 N. Stemmons Freeway, Suite 370, Dallas, Texas 75247.

9. Separate Defendant Thomas C. Wheat ("Wheat") is an individual and resident of Texas.

10. Defendants maintain a website at https://www.pediatrichomehealthcare.com/.

### IV.  FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Wheat is the owner, principal, officer and/or director of PHH.

13. Wheat manages and controls the day-to-day operations of PHH, including but not limited to the decision to not pay Plaintiff sufficient wages during her final week of employment.

14. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as medical supplies and medicine.

15. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

16. Defendant is a home healthcare company.

17. Defendant has locations throughout Texas.

18. Plaintiff worked for Defendant out of its location in San Antonio.

19. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

20. At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

21. Defendant employed Plaintiff as an hourly-paid home healthcare worker from April of 2017 to February of 2019.

22. Specifically, Plaintiff worked for Defendant as a registered nurse (RN), and her duties included administering medicine and medical care to Defendant's clients.

23. At all relevant times herein, Defendant directly hired Plaintiff and other home healthcare workers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Plaintiff was paid $30.00 per hour.

25. In addition to her hourly wage, Plaintiff received a bonus totaling between $40.00 and $100.00 whenever she covered a shift for another home healthcare worker.

26. During Plaintiff's last week of employment with Defendants, she worked a total of 58 hours. Additionally, she earned a $50.00 bonus for covering a shift of another home healthcare worker.

27. Plaintiff was not paid for her last week of work.

28. Plaintiff's final paycheck should have been around $2,060.00.

29. Because Defendant did not pay Plaintiff any wages for her last week of work, Defendant failed to pay Plaintiff proper minimum wage for all hours worked, and failed to pay Plaintiff an overtime premium for all hours worked over forty.

30. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs violated the FLSA.

### V.   FIRST CLAIM FOR RELIEF—Violation of the FLSA

31. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

32. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

33. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

34. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

35. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

36. Defendant failed to pay Plaintiff for all hours worked during her final week of employment, including one and one-half times her regular rate for all hours worked in excess of forty hours per week.

37. Defendant knew or should have known that its actions violated the FLSA.

38. Defendant's conduct and practices, as described above, were willful.

39. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

40. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI. SECOND CLAIM FOR RELIEF—Violation of the Texas Labor Code

42. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

43. Plaintiff asserts this claim for damages and declaratory relief pursuant to the Texas Labor Code.

44. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the Texas Labor Code, § 61.001.

45. Tex. Labor Code § 61.014 requires employers to pay terminated employees in full within six days after the date of discharge and requires employers to pay an employee who leaves voluntarily within the date of the next scheduled payday.

46. Defendant failed to pay Plaintiff for the final pay period she worked.

47. To date, Defendant has not paid Plaintiff her final paycheck, and the time period specified in Tex. Labor Code § 61.014 has expired.

48. Plaintiff is entitled to the full amount of her final paycheck.

### VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Rakya Berridge respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B.   Declaratory judgment that Defendants' practices alleged in this Complaint violate the Texas Labor Code;

C.   That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

D.   Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

E.   Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

F.   An order directing Defendant to pay Plaintiff pre-judgment interest, a reasonable attorney's fee and all costs connected with this action; and

G.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF RAKYA BERRIDGE**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com