IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAKYA BERRIDGE,<br>　　　*Plaintiff*<br><br>-vs-<br><br>PEDIATRIC HOME HEALTHCARE,<br>LLC, THOMAS C. WHEAT,<br>　　　*Defendants* | §<br>§<br>§　　SA-20-CV-01025-XR<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

On this date, the Court considered Plaintiff's Motion for Certification of Collective Action. ECF No. 40. After careful consideration, the Court **DENIES** Plaintiff's motion.

**BACKGROUND**

This case arises out of the alleged failure by Defendants Pediatric Home Healthcare ("PHH") and Thomas C. Wheat to pay their employees a proper overtime rate under the Fair Labor Standards Act ("FLSA"). Defendant PHH is a home healthcare company that provides at-home care for patients throughout Texas. ECF No. 40-1. Defendant Wheat is the founder and Chief Executive Officer of PHH. ECF 46-1, at 5. Plaintiff Rakya Berridge is a former hourly-paid employee of PHH. ECF No. 40-1. Berridge worked for PHH first as a Licensed Vocational Nurse, then as a Registered Nurse.[1] *Id.* Berridge asserts that she typically worked over forty hours each week, but Defendants did not properly compensate her and other similarly situated employees for overtime work.[2] *Id.* Specifically, Berridge brings a "regular rate" miscalculation claim. ECF No.

---

[1] Berridge's Declaration erroneously states she worked as an "LPN," but this mistake is addressed in Berridge's reply brief. ECF No. 49, at 5–6.
[2] Berridge has also brought an additional claim for off-the-clock work but did not plead such a claim on a collective basis. *See* ECF No. 7. Additionally, Berridge acknowledges that the issue of off-the-clock work is not properly before the Court. ECF No. 49, at 12. Therefore, the Court will only consider the regular rate miscalculation claim for certification.

1

7, at 9. Berridge alleges that PHH paid non-discretionary bonuses to its home healthcare workers when they would pick up an extra shift ("shift bonuses"), and PHH improperly excluded the bonuses from employees' regular pay rate for purposes of calculating their overtime rate. *Id.* at 10–11. Berridge now brings her motion to certify a collective action for "[a]ll hourly-paid Home Healthcare Workers who worked over forty hours a week after November 10, 2017." ECF No. 40.

## DISCUSSION

### I. Legal Standard

Under 29 U.S.C. § 216, an employee may bring an action against an employer "[on] behalf of [her]self . . . and other employees similarly situated." Unlike a Rule 23 class action in which plaintiffs must opt out of the class, § 216 provides that plaintiffs must opt in to become part of the class. FED. R. CIV. P. 23; 29 U.S.C. § 216. In deciding to certify a § 216 collective action, "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Swales v. KLLM Transp. Servs.*, 985 F.3d 430, 441 (5th Cir. 2021). The purpose of this analysis is to determine "early in the case, whether merits questions can be answered collectively." *Id.* "To determine, then, whether and to whom notice should be issued in this case, the district court needs to consider all of the available evidence." *Id.*

The plaintiff bears the burden to demonstrate that potential opt-in plaintiffs are similarly situated such that certification is proper. *Id.* at 443 n.65. Once the plaintiff seeks certification, "a district court must rigorously scrutinize the realm of 'similarly situated' workers." *Id.* at 434. The plaintiff must establish "that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207,

1214 n.8 (5th Cir. 1995) (overruled on other grounds).  In examining whether an FLSA plaintiff has met her burden for certification, courts may consider "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (internal citations omitted).

## II.     Analysis

Berridge seeks to certify a collective action for "[a]ll hourly-paid Home Healthcare Workers employed by the Defendants who worked over forty hours in any week after November 10, 2017." ECF No. 40.  However, Berridge fails to present sufficient evidence demonstrating that she is similarly situated to the proposed class.[3]

First, Berridge has failed to identify potential plaintiffs, or submit any affidavits or other evidence from potential plaintiffs.  Rather, she relies on her own testimony that, based on her conversations with other home healthcare workers within the San Antonio office, there was some dissatisfaction with PHH's payment policies.  ECF No. 40-1; Berridge Dep. 157:21–158:13. "[T]ypically a showing is necessary that at least a few similarly situated individuals seek to join the lawsuit." *Carey v. 24 Hour Fitness USA, Inc.*, No. H-10-3009, 2012 WL 4857562, at *3 (S.D. Tex. Oct. 11, 2012) (citing *H & R Block, Ltd.*, 186 F.R.D. at 400).  Even though this case has been pending for a year, Berridge has yet to identify another potential opt-in plaintiff who seeks to join this lawsuit.

Additionally, whether employees are similarly situated depends, in part, on whether the home healthcare employees were subject to the same pay policy with respect to shift bonuses.

---

[3] Defendant objects to Berridge's Declaration in support of her Motion. *See* ECF No. 44. Even if the Court assumes *arguendo* that Berridge's statements may be considered, Berridge still has not presented sufficient evidence that she is similarly situated to the proposed class.

*Mooney*, 54 F.3d at 1214 n.8. Berridge presents evidence that other home healthcare workers worked overtime hours, ECF No. 40-1; Berridge Dep. 157:21–158:13, and that sometimes she would receive a shift bonus when she would cover a shift for another employee. ECF No. 40-1. She additionally provides evidence, based on brief conversations with her co-workers, that they were also offered shift bonuses. *Id.*; Berridge Dep. 119:12–132:10. However, Berridge does not provide sufficient evidence surrounding the amounts, the process concerning why or how the bonuses were paid, the frequency of bonuses being offered to other home healthcare workers, or any other evidence as to shift bonuses received by other home healthcare workers in the San Antonio office. Instead, she offers only her own testimony about conversations with other home healthcare workers about their dissatisfaction with PHH's pay policies. This is insufficient to demonstrate that Berridge and her proposed class were subject to a centralized policy and, by extension, that they are similarly situated. *See Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 465 (S.D. Tex. 2015) (finding the lead plaintiff's "brief, conclusory" allegations insufficient to authorize conditional certification); *Basco v. Wal-Mart Stores, Inc.*, No. Civ. A. 003-3184, 2004 WL 1497709, at *7 (E.D. La. July 2, 2004) (denying certification where the plaintiffs' evidence failed to demonstrate that they were subject to a uniform or systematic policy).

Furthermore, Berridge provides no evidence of the existence of a centralized policy regarding payment of shift bonuses outside of the San Antonio office. PHH has thirteen offices. Hosley Dep. 14:2–14:3. Each office is run by a different account manager, and each account manager is responsible for that office's payroll, including the discretion whether to offer employees shift bonuses. Hosley Dep. 14:3–16:17. Not every PHH office offers its home healthcare workers the shift bonuses at issue in this case. *See* Hosley Dep. 17:6–17:15 (indicating two or three PHH account managers have elected not to offer shift bonuses at all). "[An] FLSA

violation at one location of many locations does not by itself support authorization of notice company wide." *Lopez-Gonzales v. Ramos*, No. 2:20-CV-061-Z, 2021 WL 3192171, at *6 (N.D. Tex. July 28, 2021) (citing *Rueda v. Tecon Servs., Inc.*, No. H-10-4937, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011)). Such is certainly the case here, where there is evidence of varied policies regarding shift bonuses among each of PHH's thirteen offices.

Because Plaintiff Berridge has failed to present sufficient evidence that other potential opt-in plaintiffs seek to join this lawsuit and that she is similarly situated to all home healthcare workers employed by Defendant PHH, certification of the proposed collective action is not appropriate.

## CONCLUSION

For the reasons herein, Plaintiff's motion to certify (ECF No. 40) is **DENIED**.

It is so ORDERED.

SIGNED this 8th day of September, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE